Gary FRITZ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 91–2806.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1993.

Decided June 7, 1993.

Garry J. Corrothers, Little Rock, AR, argued, for appellant.

Terry L. Derden, Asst. U.S. Atty., Little Rock, AR, argued, for appellee.

Before MCMILLIAN, Circuit Judge, BEAM, Circuit Judge, and HAMILTON,* District Judge.

HAMILTON, District Judge.

Gary Fritz appeals the denial by the district court[1] of his Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. We affirm.

Fritz pleaded guilty under Count I of a superseding indictment to conspiracy to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense in excess of 100 grams of methamphetamine, a controlled substance, in violation of 21 U.S.C. § 846,[2] and under Count III to the knowing and intentional use of a firearm during and in relation to the crime of drug trafficking, in violation of 18 U.S.C. § 924(c). Violation of 21 U.S.C. § 846 subjected Fritz to a sentence of not less than 5 years and not more than 40 years.[3] 21 U.S.C. § 846, § 841(b)(1)(B). Violation of 18 U.S.C. § 924(c) carries a minimum sentence of 60 months. 18 U.S.C. § 924(c)(1).

At Fritz's sentencing, the government filed a motion under U.S.S.G. § 5K1.1 for downward departure based on Fritz's substantial cooperation with the government concerning ongoing investigations and prosecutions. The district court departed downward by 12 months on the § 846 violation, sentencing

---

* The HONORABLE JEAN C. HAMILTON, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

2. The briefs filed by Fritz and the government each state that Fritz pleaded guilty to 21 U.S.C. § 841. The record, however, indicates that Fritz

was charged with and pleaded guilty to a violation of 21 U.S.C. § 846.

3. The penalty for violation of 21 U.S.C. § 846 is the same as the penalty for the offense, the commission of which is the object of the conspiracy. In this case, the offense which was the object of the conspiracy was 21 U.S.C. § 841.

Fritz to 48 months on that offense.[4] The district court did not depart downward on the 18 U.S.C. § 924(c) offense, but imposed a sentence of 60 months.

Fritz then filed a § 2255 motion alleging he was denied effective assistance of counsel. The district court denied the § 2255 motion finding that Fritz failed to demonstrate that the performance of his retained counsel fell below that of a reasonably competent attorney faced with similar circumstances.

Thereafter, the government filed a Motion for Reduction of Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The Rule 35 motion was denied by the trial judge.

On appeal from denial of his § 2255 motion, Fritz contends the district court committed plain error with respect to its sentence on Count III. In essence, Fritz contends that the district court erred by failing to depart downward on the 18 U.S.C. § 924(c) violation.

■ Issues not properly preserved at the district court level and presented for the first time on appeal ordinarily will not be considered by this court as a basis for reversal unless there would be a plain error resulting in a miscarriage of justice. *United States v. Fritsch*, 891 F.2d 667, 668 (8th Cir.1989) (quoting *United States v. Meeks*, 857 F.2d 1201, 1203 (8th Cir.1988)). Because the issues raised on appeal were not raised by Fritz in the district court, this court will not reverse unless there is a plain error resulting in a miscarriage of justice.

■ A district court errs in sentencing if it imposes a sentence that is in violation of law, that is the result of an incorrect application of the sentencing guidelines, or that is outside the applicable guideline range and is unreasonable. 18 U.S.C. § 3742(e) and (f); *United States v. Carnes*, 945 F.2d 1013, 1014 (8th Cir.1991); *United States v. Coleman*, 895 F.2d 501, 504 (8th Cir.1990); *United*

*States v. Evidente*, 894 F.2d 1000, 1003–04 (8th Cir.), *cert denied*, 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990).

The statutory penalty for knowingly and intentionally using a firearm during and in relation to the crime of drug trafficking is five years. 18 U.S.C. § 924(c)(1). Because the sixty month sentence imposed by the district court is neither in violation of the law, nor the result of an incorrect application of the sentencing guidelines, not outside the applicable guideline range, its imposition does not constitute plain error.

Accordingly, we affirm.

---

**4.** The court notes that the district court's departure from the minimum sentence on the 21 U.S.C. § 846 violation should have been made pursuant to a motion by the government under 18 U.S.C. § 3553(e) rather than pursuant to a motion under U.S.S.G. § 5K1.1. *See United*

*States v. Rodriguez–Morales*, 958 F.2d 1441, 1445 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 375, 121 L.Ed.2d 287 (1992). Fritz's sentence on the 21 U.S.C. § 846 violation, however, is not before the court on appeal.