24 F.3d 243
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Ray VINCENT, Appellant.
 No. 93-2974.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 6, 1994.
Filed: May 4, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ray Vincent appeals his sentence of 12 months imposed by the district court[1] after he pleaded guilty to aiding and abetting mail fraud, in violation of 18 U.S.C. Secs. 2, 1341. We affirm.
 
 
 2
 The presentence report (PSR) calculated a base offense level of 6. It then added five levels for the amount of the loss, two levels for more than minimal planning, and two levels because Vincent acted as a recruiter and organizer in several staged automobile accidents. The total offense level of 15 and Vincent's category I criminal history produced a Guidelines range of 18 to 24 months. Vincent objected, among other things, to the PSR's failure to recommend a two-level reduction for acceptance of responsibility, as well as its recommendation of a two-level increase for his role in the offense.
 
 
 3
 At sentencing, Vincent withdrew his objection to the role enhancement after the district court awarded him a two-level acceptance-of-responsibility reduction. The court calculated a total offense level of 13 and a Guidelines range of 12 to 18 months. It then sentenced him to 12 months imprisonment and two years supervised release, and ordered him to pay restitution jointly and severally with the others involved.
 
 
 4
 On appeal, Vincent argues that the court, rather than assessing a two-level increase for his role in the offense, should have decreased his offense level for being a minor participant. We agree with the government that Vincent waived his objection to the role enhancement. "Issues not properly preserved at the district court level and presented for the first time on appeal ordinarily will not be considered by this court as a basis for reversal unless there would be a plain error resulting in a miscarriage of justice." Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994). Based on our review of the record, which discloses that Vincent recruited participants for the staged automobile accidents, we see no plain error resulting in a miscarriage of justice.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas