37 F.3d 1503
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Ray A. PATTERSON, Appellant.
 No. 94-2091.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 30, 1994.
Filed: October 13, 1994.
 
 Appeal from the United States District Court for the District of Nebraska.
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ray A. Patterson pleaded guilty to possessing crack cocaine with intent to distribute, and he agreed to forfeit drug money. The district court[1] sentenced him to 121 months imprisonment and four years supervised release. Patterson appeals his sentence. We affirm.
 
 
 2
 Patterson first argues that the district court erred in enhancing his base offense level by two levels for possessing a firearm in connection with a drug offense. See U.S.S.G. Sec. 2D1.1(b)(1). At sentencing, the government produced evidence that police stopped a car in which Patterson and the driver were the only occupants. Patterson held the car's glove compartment shut when the driver tried to open it to produce his license, registration, and proof of insurance. When the driver ultimately opened the compartment slightly, police saw a loaded magazine for a nine millimeter pistol inside. They also recovered a nine millimeter pistol, with one round in the chamber, beneath the front passenger seat in which Patterson had been sitting. Patterson was carrying crack cocaine (the basis for one of the drug charges to which he pleaded guilty) and approximately $800 in cash. Based on this evidence, we conclude the district court did not clearly err in assessing the firearm enhancement. See United States v. McMurray, Nos. 93-3694/3695/3748, slip op. at 19 (8th Cir. Sept. 14, 1994) (clear error standard of review); United States v. Turpin, 920 F.2d 1377, 1386 (8th Cir. 1990), cert. denied, 111 S. Ct. 1428 (1991) (firearm enhancement not clearly erroneous where gun was accessible to defendant in car from which drug sales had been made).
 
 
 3
 Patterson next argues that the government breached its promise under a cooperation agreement to move for a downward departure based on his substantial assistance. It does not appear to us that Patterson made this argument to the district court. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993) (if issue not raised below, this court will not reverse unless there is plain error resulting in miscarriage of justice), cert. denied, 114 S. Ct. 887 (1994). In any event, his argument fails, because the government agreed to move for a departure if it concluded Patterson had provided substantial assistance, and Patterson has not made a "substantial threshold showing" that the government's refusal "was based on an unconstitutional motive." United States v. Romsey, 975 F.2d 556, 557 (8th Cir. 1992) (quoting Wade v. United States, 112 S. Ct. 1840, 1843 (1992)). And as Romsey makes clear, the district court had no authority to depart downward based upon the quality of Patterson's assistance absent a government motion.
 
 
 4
 Finally, Patterson argues that the sentencing disparity for crack-cocaine and powder-cocaine offenses is unconstitutional, and that we should apply a strict-scrutiny test in our review. This argument fails. See McMurray, slip op. at 13-14. To the extent he argues the district court should have granted his departure motion, which was based on the disparate impact of the differing penalties, that argument fails also. See United States v. Maxwell, 25 F.3d 1389, 1400-01 (8th Cir. 1994) (disparate impact of 100-to-1 ratio not proper basis for downward departure).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska