56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Ronald R. BROWN, Appellant.
 No. 94-4088.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1995.
Filed: May 17, 1995.
 
 Before Judges FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald R. Brown pleaded guilty to bank robbery, in violation of 18 U.S.C Sec. 2113(a). The district court[1] sentenced him to 46 months imprisonment and three years supervised release. He appeals his sentence, challenging the computation of his criminal history category. We affirm.
 
 
 2
 Brown argues that the district court should not have assessed two criminal history points based on two convictions for "Operating During Suspension," for each of which he had been fined and sentenced to one year of "Administrative Probation." He relies on U.S.S.G. Sec. 4A1.2(c)(1), which provides that sentences for certain misdemeanor or petty offenses, including driving with a suspended license, are counted only if the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days.
 
 
 3
 We do not believe Brown sufficiently alerted the district court at sentencing to the issue he now raises. Instead, he argued that the two points overstated his criminal history, and that the court should grant him a downward departure. Cf. United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993) (where defense counsel referred to criminal history calculation in opposing enhancement of sentence under U.S.S.G. Sec. 4A1.3 and not in arguing for decrease under Sec. 4A1.2, appellant did not preserve for appeal argument that criminal history should be recalculated because two offenses were related under Sec. 4A1.2(a)(2)).
 
 
 4
 We do not believe the district court's assignment of these two criminal history points amounts to plain error resulting in a miscarriage of justice. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994). We cannot conclude from the limited record before us that Brown's administrative-probation sentences were not terms of probation of at least one year.
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable William G. Cambridge, Chief Judge, United States District Judge for the District of Nebraska