_____

No. 95-2962
_____

United States of America,        *
                                       *

        Appellee,          *
                                       *  Appeal from the United States
    v.                      *  District Court for the
                                       *  Eastern District of Missouri.
Cynthia Bell,              *     [UNPUBLISHED]
                                       *

        Appellant.        *

_____

Submitted:  December 29, 1995

Filed:  January 19, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Cynthia Bell, an African-American, appeals the 60-month sentence imposed by the district court[1] after she pleaded guilty to conspiring to possess cocaine base (crack) with intent to distribute, and to possessing crack with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.

Following the preparation of her presentence report, Bell objected to her offense-level calculation. Bell contended that no scientific difference existed between crack cocaine and powder cocaine, and that the penalty provisions set forth in 21 U.S.C. § 841(b) were thus rendered inapplicable by operation of the rule of lenity. She also argued that Congress enacted section 841(b) in

_____

[1]The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

an arbitrary and irrational manner, resulting in a disparate impact upon African-Americans in violation of her due process and equal protection rights.

Bell relied on United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994), appeal pending (No. 95-8057 11th Cir.), in which the district court, after an evidentiary hearing, held that the terms "cocaine" and "cocaine base" were synonymous; that the penalty provisions of section 841(b) set forth a scientifically meaningless distinction between cocaine and cocaine base; and that the heightened penalties for cocaine base must be ignored by operation of the rule of lenity. 864 F. Supp. at 1309. In support, Bell submitted copies of the Davis court records--including Davis's memorandum of law, the hearing transcript, and the district court's decision. Bell renews her claims on appeal.

We conclude Bell's rule-of-lenity argument is foreclosed by our decision in United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir. 1995), and her due process and equal protection arguments are foreclosed by our decision in United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995). We need not address Bell's contention that a "less deferential" or "heightened" rational-basis test applies, because she did not raise this argument below and there is no plain error. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-