_____

No. 95-2480
_____

United States of America,           *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Eastern District of Arkansas.
Haston Glen Burns,                  *
                                    *          [UNPUBLISHED]
          Appellant.                *

_____

                    Submitted:  March 4, 1996

                       Filed:  March 8, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     Haston Glen Burns pleaded guilty to a one-count indictment, which
alleged that he did "forcibly assault, resist, oppose, impede, intimidate
or interfere with Tina Padgett" while she was engaged in her official
duties as a United States Postmaster, in violation of 18 U.S.C. §§ 111 and
1114.  In this appeal, Burns challenges the sentence imposed by the
district court[1] following his guilty plea.  We affirm Burns's sentence.

     Burns's presentence report (PSR) detailed the following.  On July 5,
1994, while working at the United States Post Office in Heth, Arkansas,
Tina Padgett received three telephone calls from Burns, who had been at the
post office earlier and had left in a

_____

     [1]The Honorable William R. Wilson, Jr., United States District
Court Judge for the Eastern District of Arkansas.

white car. During the first two calls, Burns asked Padgett if he could ask her some personal questions, and during the third call, Burns made a sexually explicit request.

When Padgett later went outside to lower the flag, a white car sped toward the post office. Padgett retreated inside and, after hearing the car leave, left the post office and walked toward her car, at which point she saw Burns sitting in his car behind the post office. Padgett entered her car, locked the doors, and began to leave, but was unable to do so, because Burns had moved his car behind hers. While Padgett attempted to maneuver her car out of the parking space, Burns--wearing only shoes, socks, and an unbuttoned shirt--exited his car, approached her car, and tried to open her car door. Unsuccessful, Burns stood next to the driver's door of Padgett's car and began masturbating, walking alongside the car after Padgett freed her car from the parking space and was attempting to leave the lot. As Padgett turned her car around, Burns pounded on the driver's window with his hands. When Padgett drove towards the exit of the parking lot, Burns again began masturbating and continued alongside Padgett's car until she drove away from the post office.

Burns's PSR calculated a base offense level of 15 under U.S.S.G. § 2A2.2, the Guideline for "Aggravated Assault." Burns objected, arguing that he committed a simple assault, and that his offense level thus should have been calculated under U.S.S.G. § 2A2.4, the Guideline for "Obstructing or Impeding Officers," which carries a base offense level of 6.

At sentencing, Padgett testified that when Burns tried to open her door and pounded on her window, she was afraid Burns was going to get inside her car and try to rape her. Padgett added, "I don't know what he had in mind. He had in mind to hurt me or he wouldn't be trying to get in on me, and he didn't have anything on, so -- you know." In his testimony, Burns denied that he struck the car

window, or that he intended to rape or "get [his] hands on [Padgett]."

The district court found that Burns intended to physically assault Padgett, and that his actions therefore constituted aggravated assault under section 2A2.2. The district court sentenced Burns to 27 months imprisonment and one year supervised release. On appeal, Burns contends that there was insufficient evidence to support the district court's conclusion that he committed an aggravated assault, and that the district court thus erred in applying section 2A2.2.

Absent clear error, we accept the district court's factual findings, and give due deference to its application of the Guidelines to the facts. United States v. Street, 66 F.3d 969, 979-80 (8th Cir. 1995); see United States v. Garcia, 34 F.3d 6, 10 (1st Cir. 1994) (district court's finding of intent in context of § 2A2.2 is factual finding reviewed for clear error).

Under U.S.S.G. § 1B1.2(a) the district court must "`determine the offense guideline section . . . most applicable to the offense of conviction,'" based solely on the "`conduct charged in the count of the indictment . . . of which the defendant was convicted.'" Street, 66 F.3d at 978-79. A violation of 18 U.S.C. § 111 is a felony, see § 2A2.4, comment. (backg'd.), and two Guidelines cover such violations: section 2A2.2 and section 2A2.4. Section 2A2.4, however, contains a cross-reference provision which directs the district court to apply section 2A2.2 "[i]f the conduct constituted aggravated assault." U.S.S.G. § 2A2.4(c)(1). When applying this cross-reference provision, "the district court is not limited to considering the conduct of the offense of conviction, but also may consider the defendant's `underlying conduct,' or . . . the `relevant' conduct." Street, 66 F.3d at 979. As relevant here, an aggravated assault is defined as a "felonious assault" involving an intent to commit another felony. U.S.S.G. § 2A2.2, comment. (n.1).

We conclude the district court did not clearly err in finding that Burns committed aggravated assault. Although Burns denied that he struck Padgett's car, the district court was not required to credit Burns's testimony over Padgett's testimony. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (district court's credibility findings virtually unreviewable on appeal). The district court also was not required to accept Burns's assertion that he did not intend to rape or assault Padgett. See Street, 66 F.3d at 980. Because the district court did not clearly err in finding that Burns committed a felonious assault with intent to commit another felony, we conclude the court correctly applied section 2A2.2. Contrary to Burns's contention, U.S.S.G. § 2A2.3 (Minor Assault) is not implicated here, as that section applies only to misdemeanor assaults or felonious assaults not covered by section 2A2.2. See U.S.S.G. § 2A2.3, comment. (n.1).

We decline to address Burns's arguments--raised for the first time on appeal--that the commentary to section 2A2.2 impermissibly exceeds the scope of that Guideline, and that the commentary for sections 2A2.2 and 2A2.3 conflict. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994).

Finally, we agree with the parties that the reference to 18 U.S.C. § 1114 in the judgment should be expunged. See Potter v. United States, 691 F.2d 1275, 1281 (8th Cir. 1982) (judgment must not refer to § 1114 if defendant has not been convicted of homicide).

Accordingly, we affirm the judgment of the district court and direct that the reference to 18 U.S.C. § 1114 in Burns's judgment be expunged.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.