85 F.3d 633
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Donald LARKIN, Jr., Appellant.
 No. 95-2772EMSL
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 29, 1995.
Filed March 18, 1996.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant's petition for rehearing as to Count III of the indictment is granted, and the court's opinion and judgment of January 19, 1996 are hereby vacated. The clerk is further directed to file the panel's revised opinion and issue a revised judgment.
 
 
 2
 Donald Larkin, Jr., an African-American, appeals the 181-month sentence imposed by the district court[1] after he pleaded guilty to possessing cocaine base (crack) and cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and carrying or using a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). We affirm.
 
 
 3
 Following the preparation of his presentence report, Larkin objected to his offense-level calculation. Larkin contended that no scientific difference existed between crack cocaine and powder cocaine, and that the penalty provisions set forth in 21 U.S.C. § 841(b) were thus rendered inapplicable by operation of the rule of lenity. He also argued that Congress enacted section 841(b) in an arbitrary and irrational manner, resulting in a disparate impact upon African-Americans in violation of his due process and equal protection rights.
 
 
 4
 Larkin relied on United States v. Davis, 864 F.Supp. 1303 (N.D.Ga.1994), appeal pending (No. 95-8057 11th Cir.), in which the district court, after an evidentiary hearing, held that the terms "cocaine" and "cocaine base" were synonymous; that the penalty provisions of section 841(b) set forth a scientifically meaningless distinction between cocaine and cocaine base; and that the heightened penalties for cocaine base must be ignored by operation of the rule of lenity. 864 F.Supp. at 1309. In support, Larkin submitted copies of the Davis court records--including Davis's memorandum of law, the hearing transcript, and the district court's decision. Larkin renews his claims on appeal.
 
 
 5
 We conclude Larkin's rule-of-lenity argument is foreclosed by our decision in United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir.1995), and his due process and equal protection arguments are foreclosed by our decision in United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir.1995). We need not address Larkin's contention that a "less deferential" or "heightened" rational-basis test applies, because he did not raise this argument below and there is no plain error. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir.1993), cert. denied, 114 S.Ct. 887 (1994).
 
 
 6
 Accordingly, the judgment of the district court is affirmed as to counts I, II, and V. As to count III ("using or carrying a firearm in relation to a drug trafficking offense"), we remand to the district court for further proceedings in light of Bailey v. United States, 116 S.Ct. 501 (1995).
 
 
 
 [1]
 The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri