———————

No. 95-3927

———————

United States of America,              *

                                   *

        Appellee,             *

                                   *  Appeal from the United States

     v.                           *  District Court for the

                                   *  Southern District of Iowa.

Tom Boston Johnson, Jr.,         *      [UNPUBLISHED]

                                   *

        Appellant.           *

———————

Submitted:  July 26, 1996

Filed:  August 2, 1996

———————

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal, Tom Boston Johnson appeals his conviction and resulting 89-month sentence imposed by the district court,[1] after a jury found him guilty of possessing crack cocaine with intent to distribute within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860. We affirm.

Counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and was granted leave to withdraw. Counsel argues that Johnson was selectively prosecuted, and that insufficient evidence supported Johnson's convictions. In a supplemental brief, Johnson argues that his conviction violates the Double Jeopardy Clause, that police lacked a reasonable, articulable suspicion for the initial stop which led to his arrest, and that he was stopped only because he is an African-American.

———————

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

Viewed in a light most favorable to the government, the evidence was sufficient to support Johnson's convictions. United States v. Quintanilla, 25 F.3d 694, 699 (8th Cir.) (standard of review), cert. denied, 115 S. Ct. 457 (1994). From the evidence presented, a reasonable jury could conclude Johnson dropped a baggie of crack he knowingly possessed within 1,000 feet of a school. Johnson's intent to distribute could reasonably be inferred by the amount of crack, the fact it was broken up into individual rocks, and testimony that this amount was much larger than that a typical user would possess for personal use. See United States v. Lopez, 42 F.3d 463, 467 (8th Cir. 1994) (listing factors which lead to reasonable inference of intent to distribute).

As to Johnson's selective prosecution claim, Johnson has not shown plain error, because he has not produced "clear and convincing evidence" that the decision to prosecute him was motivated by a discriminatory purpose. See United States v. Armstrong, 116 S. Ct. 1480, 1486-87 (1996); Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993) (plain error review for issue not raised below), cert. denied, 114 S. Ct. 887 (1994).

Johnson also has not shown plain error as to his claims that officers had no probable cause to stop him, and that he was stopped only because he is an African-American. Given the location of the lot where police officers observed Johnson drop the baggie of crack, the time of night, and the officers' observations of the actions of Johnson and his companions, the officers had reasonable, articulable suspicion to detain Johnson for a Terry-stop. See United States v. Dawdy, 46 F.3d 1427, 1429-30 (8th Cir.) (reasonable suspicion determined on totality of circumstances; listing factors that may lead experienced officer to stop individual), cert. denied, 116 S. Ct. 195 (1995); United States v. Hawthorne, 982 F.2d 1186, 1190 (8th Cir. 1992) (although court "concerned" by Hawthorne's allegation he was targeted because he

was young black male, relevant facts supporting <u>Terry</u>-stop were non-race based and sufficient to justify stop).  Johnson has not raised an issue of selective enforcement, as he has not shown that the officers did not stop persons of a different race under similar circumstances, or that their decision to stop him was at least partially based on his race.  <u>Cf.</u> <u>United States v. Bell</u>, 1996 WL 333447, at *2 (8th Cir. June 19, 1996) (person claiming unequal enforcement of facially neutral statute must show that enforcement had discriminatory effect, and motivated by discriminatory purpose).

Johnson's double jeopardy argument is baseless, because his sentence was determined solely on the basis of the crack seized when he was arrested, not on the prior conduct he refers to in his brief.  We have reviewed the record to determine whether any other nonfrivolous issues exist, in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and have found no such issues.  Johnson's motion for transcript copies is denied.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-