United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-3226
_____

United States of America,           *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  District of South Dakota
Tracy C. Sazue,                     *
                                    *
          Appellant.                *


_____

          Submitted:  January 31, 1997

          Filed:  February 19, 1997
_____

Before McMILLIAN, FAGG and LOKEN, Circuit Judges.
_____

PER CURIAM.


     Tracy C. Sazue appeals the 84-month sentence imposed by the
district court[1] following a jury trial finding Sszue guilty  of
assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1153
and 113(a)(3), and assault resulting in serious bodily injury, in
violation of 18 U.S.C. §§ 1153 and 113(a)(6).  We affirm.

     At sentencing, the district court adjusted Sazue's base

_____

     [1]The Honorable John B. Jones, United States District Judge for
the District of South Dakota.

offense level under U.S.S.G. § 2A2.2(b)(3)(E) (1995), which calls for a five-level increase when the degree of the victim's injuries falls between the categories of serious bodily injury and permanent or life-threatening injury. Sazue argues on appeal that the district court erred in assessing the enhancement. Given the evidence in the record that the victim lost a considerable amount of blood, suffered scalp and hand lacerations that would produce scarring, endured a verbal threat to her life, and has since experienced residual bodily pain and psychological injury, we hold the district court did not clearly err in concluding that the five-level increase was appropriate. See U.S.S.G.§ 1B1.1, comment. (n.1(h), (j)) (1995) (definitions); United States v. Thompson, 60 F.3d 514, 518 (8th Cir. 1995) (standard of review).

Sazue also argues the court erred in assessing an increase under U.S. Sentencing Guidelines Manual § 3A1.3 (1995) for physical restraint of the victim. The record shows that Sazue dragged the victim by the hair from room to room and beat her while she was pinned underneath him. We conclude the district court did not clearly err in finding Sazue's actions constituted physical restraint warranting the increase. We do not address Sazue's remaining arguments, because they were not raised below and no plain error appears. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 510 U.S. 1075 (1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.