United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1636

United States of America,           *
                                    *
            Appellee,               *
                                    *
      v.                            *   Appeal from the United States
                                    *   District Court for the
Lawrence Stanley Held, also known as *   Northern District of Iowa
Stan Held,                          *
                                    *     {UNPUBLISHED}
            Appellant.              *

_____

Submitted:  March 26, 1998

Filed:  April 16, 1998

_____

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Lawrence Stanley Held appeals his conviction and 135-month sentence imposed by the United States District Court[1] for the Northern District of Iowa, after a jury found him guilty of conspiring to distribute and possessing with intent to distribute methamphetamine.  Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and was granted leave to withdraw.  Held has filed a supplemental pro se

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

brief and a motion for appointment of counsel. For the reasons discussed below, we affirm.

According to the trial testimony, after law enforcement officials executed a search warrant on a package sent through United Parcel Service (UPS) and found six one-pound plastic-wrapped bundles of methamphetamine, officials allowed the package to be picked up by the addressee--a Mark Davis. On May 8, 1996, Held and codefendant Teresa Ann Carman came to the UPS office to pick up the package, and were told it had mistakenly been placed on the delivery truck; they were told they could retrieve the package later that day. That afternoon, Held returned for the package, signed "Mark Davis," and left. Police officers then arrested Held and Carman, who was waiting in a car outside.

Police officers testified that, during the surveillance and subsequent search of Held's residence which he shared with Carman, they observed on the telephone Caller ID several recordings of a phone number registered to Jose Leon, and they saw a vehicle with a license plate registered to Leon stop at the residence on May 8. The government introduced testimony that Leon was involved in drug trafficking. When Held was arrested, he had in his pocket what appeared to be a note evidencing a drug transaction. Held testified in his own defense, denying he knew the package contained drugs, denying he knew Leon or "Mark Davis," and stating the note in his pocket was a record of money he lent a friend. He testified that he merely picked up the package as a favor for a friend of Carman's cousin.

The jury found Held guilty. At sentencing, the district court granted a downward departure as to Held's criminal history category under U.S.S.G. § 4A1.3, p.s., and sentenced Held to two concurrent 135-month terms of imprisonment and two concurrent 5-year terms of supervised release.

On appeal, both counsel and Held argue there was insufficient evidence to support the conviction. Held also argues that he is entitled to a new trial because of errors in the drug-quantity calculation, the evidence concerning the type of methamphetamine, and the admission of evidence resulting from a UPS search. He also argues that his trial and appellate counsel were ineffective.

"To convict a defendant of conspiracy, the government must prove beyond a reasonable doubt that there was an agreement to achieve some illegal purpose, that the defendant knew of the agreement, and that the defendant knowingly became a part of the conspiracy." United States v. Ivey, 915 F.2d 380, 383-84 (8th Cir. 1990). "Once a conspiracy is established, even slight evidence connecting a defendant to the conspiracy may be sufficient to prove the defendant's involvement." Id. at 384. When considering the sufficiency of the evidence, we evaluate the entire record in the light most favorable to the government, draw from the facts all reasonable inferences in favor of the government, and affirm if a reasonable factfinder could have found guilt beyond a reasonable doubt. See United States v. Walcott, 61 F.3d 635, 638 (8th Cir. 1995), cert. denied, 516 U.S. 1132 (1996). Although the evidence proving a conspiracy and tying Held to that conspiracy is slim, we conclude that the jury could have reasonably disbelieved Held's denial of knowledge regarding the contents of the package and the fictitious addressee, and believed that he was involved in drug trafficking as evidenced by the visit and phone calls to his home from a person known to be involved with drugs, by his return to UPS to collect the package, and by the note in his pocket showing a prior drug transaction.

We deny Held's motion for appointment of counsel because his arguments are without merit. First, we review these issues only for plain error because he made no objections at trial or at sentencing. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993) (absent plain error, court will not consider issues raised for first time on appeal as basis for reversal), cert. denied, 510 U.S. 1075 (1994). Second, no plain error exists. No foreseeability finding was necessary because Held agreed, for

sentencing purposes, to the calculation of the amount of drugs. The laboratory analysis showing that the drugs were d-methamphetamine was sufficient. See United States v. Maza, 93 F.3d 1390, 1401 (8th Cir. 1996) (government bears burden of proving methamphetamine was d-methamphetamine; review is for clear error), cert. denied, 117 S. Ct. 1008 (1997); see also United States v. Loveless, No. 97-2960, slip op. at 10 (1998 WL 105970) (8th Cir. Mar. 12, 1998) (proof substance is d-methamphetamine may be by direct or circumstantial evidence). To the extent Held challenges as unlawful UPS's search of the package, the Fourth Amendment is not implicated in searches by private parties, and there is no evidence government officials encouraged UPS to open the package. See United States v. Parker, 32 F.3d 395, 398 (8th Cir. 1994). When law enforcement authorities opened the package, they did so pursuant to a search warrant. Finally, any claims of ineffective assistance of counsel would best be resolved in a 28 U.S.C. § 2255 proceeding.

Upon our review of the complete record, we find no other nonfrivolous issues for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.