# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1951

_____

Elizabeth Gammon Brown,

              Appellant,

v.

Larry Norris, Director, Arkansas
Department of Correction,

              Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*      [UNPUBLISHED]
\*
\*
\*

_____

Submitted:  December 23, 1999

Filed:   January 31, 2000

_____

Before WOLLMAN, Chief Judge, FLOYD R. GIBSON, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Arkansas prisoner Elizabeth Gammon Brown appeals from the district court's[1] denial of her 28 U.S.C. § 2254 petition attacking her conviction and 50-year sentence

_____

[1]The Honorable James Maxwell Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

for selling two crack cocaine rocks for $60. On appeal, Brown claims that her trial and appellate counsel provided ineffective assistance. The state pleads a time bar, default as to all but one of her appellate arguments because they were not presented to the district court, and a state procedural default and lack of merit with respect to the one appellate claim that was presented in the district court. We choose to avoid the possibly difficult time-bar question and affirm the district court because Brown's position is without merit. Cf. Barrett v. Acevedo, 169 F.3d. 1155, 1162 (8th Cir.) (en banc) ("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), cert. denied, 120 S. Ct. 120 (1999).

In the one issue presented to the district court, Brown complains that counsel was ineffective for not introducing documentary evidence to show that the electricity was shut off at the residence where the drug sale occurred at about 6:30 p.m. on February 2, 1994. We find that the document Brown tendered during her post-conviction proceedings--a utility company billing record--undercuts her position. One of Brown's witnesses testified that the power was off but turned back on the day after she paid the bill. The utility record shows full payment of the account on January 31. Thus it appears that the power was on on February 2, as testified to by the state's witnesses. Accordingly, Brown did not suffer prejudice from counsel's failure to produce the utility record at trial.

We need not consider issues raised for the first time on appeal absent plain error resulting in a miscarriage of justice. Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 510 U.S. 1075 (1994). None of Brown's additional arguments about ineffective counsel were presented to the district court. Having reviewed the record, we do not find any plain error resulting in a miscarriage of justice because we conclude that none of counsel's alleged deficiencies prejudiced Brown.

Thus, we affirm the judgment of the district court.

The motion to expand the record is denied as moot because a copy of the tendered document is already part of the record.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.