# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 17-1524

———————————————

Steven Allen Brende

*Petitioner - Appellant*

v.

Darin Young, Warden; Marty Jackley, Attorney General of the State of South Dakota

*Respondents - Appellees*

——————————

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

——————————

Submitted: February 15, 2018
Filed: October 30, 2018
[Published]

——————————

Before SMITH, Chief Judge, MURPHY and COLLOTON, Circuit Judges.[*]

——————————

PER CURIAM.

———————————————

[*]This opinion is filed by Chief Judge Smith and Judge Colloton under Eighth Circuit Rule 47E.

Steven Allen Brende appeals from the district court's[1] dismissal of his petition for habeas corpus under 28 U.S.C. § 2254. We affirm.

## I. *Background*

In 2012, Brende was tried in South Dakota state court on two counts of first-degree rape and two counts of sexual contact with a child under the age of 16. All four counts were based on sexual abuse against the son (C.I.) of Brende's friends. C.I. was six or seven years old[2] when the acts occurred. At the time of trial, C.I. was nine years old. The trial evidence included testimony from C.I.; a video interview of C.I. conducted shortly after the allegations surfaced; and the testimony of Colleen Brazil, the person who conducted the video interview.

Brazil is a trained forensic interviewer with expertise in child sex crimes. She worked for Child's Voice, a child abuse advocacy and evaluation center. The court admitted the video of Brazil's interview of C.I. for its substantive value, and the jury viewed it. The videotaped conversation lasted about an hour. In the video, Brazil discussed C.I.'s understanding that he was not to lie or offer an answer to a question if he did not know the answer. Brazil and C.I. discussed the boy's life generally and spoke specifically about his allegations against "Uncle Steve." C.I. claimed that Brende had shown him pornography and discussed sex with him. C.I.'s allegation went much further and included Brende masturbating in front of him. According to C.I., Brende placed C.I.'s penis into Brende's behind, penetrated C.I. anally, and performed oral sex on C.I. Despite having spent nights at Brende's house on multiple occasions, C.I. recalled that all the abusive acts occurred on a single night.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

[2]Brende babysat C.I. on multiple occasions. Given the child's loose grip on chronology, the precise date on which the incidents took place, and therefore C.I.'s exact age when they occurred, are difficult to pin down.

When C.I. took the witness stand at trial, he partially recanted his statement in the video. He clarified that Brende did not penetrate him anally but instead had actually placed his penis into the crack of his behind. He also recanted his statement that Brende had made him place his penis into Brende's behind. Additionally, C.I. testified that Brende had touched C.I.'s penis. C.I. made no mention of oral sex when he was on the witness stand.

Brende was convicted on all four counts. One rape conviction was based on the allegation that Brende had performed oral sex on C.I. The other was based on Brende's anal sexual contact with C.I. Brende received 50 years for the rape convictions and 15 years for the sexual contact convictions, to be served concurrently.

On direct appeal, Brende made three claims: (1) that the indictment was duplicative; (2) that the evidence was insufficient to support his convictions; and (3) that his sentence was cruel and unusual. *State v. Brende*, 835 N.W.2d 131, 137 (S.D. 2013). The South Dakota Supreme Court denied two of his claims, but it reversed the anal rape conviction, holding that there was insufficient evidence of penetration. *Id.* at 143. The trial court entered an amended judgment reflecting acquittal on that count in October 2013.

Brende filed a pro se habeas petition in state court in November 2013. Though stated somewhat inartfully, Brende's petition appeared to raise three main points. He asserted that (1) his remaining rape conviction lacked forensic evidentiary support; (2) C.I. and his family lied; and (3) someone tampered with the Child's Voice DVD. Counsel was appointed and subsequently filed an amended petition with different assertions of error. Specifically, counsel alleged that the jury should have been given a unanimity instruction, Brazil's testimony improperly vouched for the veracity of the statements C.I. made in the interview, and trial counsel should have requested a bill of particulars. Brende also filed a pro se supplement to his attorney's petition. Following an evidentiary hearing in December 2014, the state habeas court entered

an order denying relief on all claims in February 2015. The South Dakota Supreme Court summarily affirmed this decision. *Brende v. Young*, 881 N.W.2d 257 (S.D. 2016).

Brende filed his pro se federal habeas petition in June 2016. The state moved to dismiss. Brende made a number of claims, but the magistrate judge[3] to whom the matter was referred determined that it was empowered to rule on only one of them: Brende's argument challenging the sufficiency of the evidence supporting his conviction for oral rape. The magistrate judge acknowledged that this was a close case, stating:

> There are numerous facts in the record which make this court hesitate: the fact that the child witness testified at trial he regularly sees ghosts and talks to them, that a knife appeared under his pillow while he was sleeping and he did not place it there, that he hits himself sometimes at school, screams, calls himself "stupid" and has "fits." At least some of this behavior pre-dated the allegations of abuse against Mr. Brende.
>
> The inconsistencies in the child's description of events both during his live trial testimony and during his videotaped statement also give one pause. In the videotaped interview, the child often changes details of his description such as which order events happened in, where each event happened, and the state of undress of the child and Mr. Brende at various times. He clearly stated in the videotaped interview that Mr. Brende placed his penis on the inside of the child's butt. But in response to a question from the interviewer whether anything Mr. Brende did to the child was painful or hurt, the child answered "no." Even at trial, his testimony varied significantly. During his direct testimony, the child testified Mr. Brende placed his penis inside the child's butt. On cross-examination, the child testified Mr. Brende's penis was only on the outside of the child's butt in the butt crack.

---

[3]The Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

There are other aspects of the child's testimony that differ significantly from testimony typically received in child molestation cases. Whereas most pedophiles spend time "grooming" their victims, gradually coaxing the victim into allowing more and more invasive, intimate contact, here the child testified Mr. Brende only made advances on him a single time and never tried touching him offensively either before or after that one event. The child spent the night at Mr. Brende's house approximately 30 times. This lack of any grooming behavior by Mr. Brende in light of ample opportunity to do so also gives one pause.

*Brende v. Young*, 4:16-cv-04084-KES, 2016 WL 11211259, at *13 (D.S.D. Sept. 29, 2016) (citations omitted).

Despite her hesitation, the magistrate judge acknowledged her limited review under 28 U.S.C. § 2254(d)(2). Under § 2254(d)(2), a court may grant relief only when it determines that the state court's determination of the facts is "unreasonable in light of the evidence presented in the trial." *Id.* (citing 28 U.S.C. § 2254(d)(2)). The magistrate judge contrasted her unease with Brende's guilt with the state habeas court's confident statement that it was "utterly convinced of the verity of what is portrayed" on the video. *Id.* at *14. Ultimately, the magistrate judge recommended denial of habeas relief without an evidentiary hearing.

The district court adopted the report and recommendation in full. It granted a certificate of appealability "as to the finding that Brende failed to state a claim that there was insufficient evidence to sustain his first-degree rape conviction and the dismissal of that claim." *Brende v. Young*, 4:16-cv-04084-KES, 2017 WL 414119, at *2 (D.S.D. Jan. 31, 2017).

## II. *Discussion*

On appeal, Brende states that the issue before this court is not "whether there was sufficient evidence, but only . . . whether Brende adequately stated a claim that there was sufficient evidence." Appellant's Br. at 15. Brende's principal contention is that the video interview was inadmissible hearsay and an improper basis for the jury's verdict. Brende contends that the prosecution's case would have failed on sufficiency grounds had the state court excluded it. He avers that admitting the video interview violated South Dakota law and Brende's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution.

Under South Dakota law, in a sexual abuse trial, a child's out-of-court statement describing rape or sexual contact is admissible only if the trial court determines that it "provide[s] sufficient indicia of reliability" and the child either testifies at the trial or "[i]s unavailable as a witness." S.D. Codified Laws § 19-19-806.1. If the child is unavailable, the statement "may be admitted only if there is corroborative evidence of the act." *Id.* Brende claims that the video fails this standard, as "it was of dubious reliability since it was hearsay," it was uncorroborated, and C.I. was effectively unavailable because he was never asked about oral rape on the stand. Appellant's Br. at 21.

First, we note that Brende's claim that the video's admission violated South Dakota law is not a question we address in a habeas petition. Our objective is to determine whether the South Dakota prosecution infringed upon Brende's federal constitutional rights. We review "only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process." *Rousan v. Roper*, 436 F.3d 951, 958 (8th Cir. 2006) (citation omitted); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (reversing grant of habeas relief based on conclusion that admission of evidence violated state law because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" (citations omitted)).

Brende seeks to elude this barrier by arguing that admission of the video also implicates his rights under the Confrontation Clause. Brende did not present this issue to South Dakota's courts. He thus failed to exhaust his remedies before seeking habeas relief. Therefore, the video's admission is not properly before us. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Brende also failed to raise this issue before the district court. Though the magistrate judge briefly considered the Confrontation Clause issue, apparently sua sponte, she determined that Brende had not raised it. "Issues not properly preserved at the district court level and presented for the first time on appeal ordinarily will not be considered by this court as a basis for reversal unless there would be a plain error resulting in a miscarriage of justice." *Fritz v. United States*, 995 F.2d 136, 137 (8th Cir. 1993) (citation omitted). We see no "clear or obvious" violation of Brende's rights under the Confrontation Clause and accordingly decline to review the admission of the video. *United States v. Poitra*, 648 F.3d 884, 887 (8th Cir. 2011) (citation omitted). We also note that this argument is outside the scope of the certificate of appealability granted by the district court. *See Armstrong v. Hobbs*, 698 F.3d 1063, 1069 (8th Cir. 2012).

The remaining question before us is whether the evidence at trial, including the video, provided an adequate basis for conviction. Our review of this question is limited:

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may grant habeas relief only if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), the Supreme Court held that a state court decision is contrary to clearly established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. In addition, a state court decision is an unreasonable application of clearly established federal law if it identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Nash v. Russell*, 807 F.3d 892, 896–97 (8th Cir. 2015) (cleaned up). Our review of a habeas petition that alleges insufficiency of the evidence is governed by *Jackson v. Virginia*:

In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court articulated a narrow standard of review for questions of sufficiency of the evidence. Under *Jackson*, a habeas petitioner is entitled to relief if we conclude that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt. In applying this standard, we do not re-weigh the evidence, and we must resolve inconsistencies in favor of the prosecution. Under AEDPA, we may grant relief only if we find the [South Dakota Supreme Court's] conclusion that the evidence satisfied the *Jackson* sufficiency of the evidence standard both incorrect and unreasonable.

*Nash*, 807 F.3d at 897 (cleaned up).

To convict Brende of rape, the jury had to find that he had sexually penetrated C.I. *See* S.D. Codified Laws § 22-22-1(1). A finding that he performed fellatio on the child satisfies this requirement. *Id.* § 22-22-2.

As the South Dakota Supreme Court stated in disposing of Brende's direct appeal,

> the video of the forensic interview was viewed by the jury for its substantive value. During the interview, C.I. stated that Brende performed oral sex on him and that his penis was both inside and outside of Brende's mouth. These statements provided the jury with sufficient evidence of penetration to support one of Brende's convictions for first-degree rape.

*Brende*, 835 N.W.2d at 141. Brende gives reasons, such as the unreliability of out-of-court statements, why a rational trier of fact *should have* doubted the child's claims. A rational finder of fact might well have found the video unpersuasive. But that is not the standard we apply. Brende has not shown that the South Dakota courts unreasonably determined the facts supporting his conviction. The South Dakota Supreme Court's holding that there was sufficient evidence to convict him of oral rape was not unreasonable. *See Garrison*, 637 F.3d at 854–55.

Finally, both in his brief and at oral argument, Brende has argued that his petition sufficiently stated a claim for relief, making dismissal under Federal Rule of Civil Procedure 12(b)(6) inappropriate. He suggests that he is therefore entitled to a hearing before the district court. Brende's sufficiency-of-the-evidence claim falls within the purview of § 2254(d)(1). *See Dansby v. Hobbs*, 766 F.3d 809, 817 (8th Cir. 2014). A court evaluating a habeas petition brought under § 2254(d)(1) may only review "the record that was before the state court that adjudicated the claim on the

merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).[4] Here, the district court possessed a sufficient record of the state proceedings to properly review Brende's claims and make its decision. Remand to the district court for a hearing is unnecessary. Accordingly, we affirm the district court's decision to reach a merits decision without a hearing.

## III. *Conclusion*

We affirm.

_____

_____

[4]Even if we were to construe Brende's petition as being made pursuant to § 2254(d)(2), review under that provision is similarly constrained to the state court record, as it requires "an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*." 28 U.S.C. § 2254(d)(2) (emphasis added).