UNITED STATES of America, Appellee,

v.

Rory Allen MEEKS, Appellant.

No. 87–2375.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1988.

Decided Sept. 23, 1988.

Mary K. Hoefer, Iowa City, Iowa, for appellant.

Richard L. Murphy, Cedar Rapids, Iowa, for appellee.

Before McMILLIAN, Circuit Judge, ROSS, Senior Circuit Judge, and LARSON,* Senior District Judge.

McMILLIAN, Circuit Judge.

Rory A. Meeks appeals from a final judgment entered in the District Court[1] for the Northern District of Iowa upon a jury verdict finding him guilty of violations of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, and 21 U.S.C. § 846. For reversal, Meeks argues that the district court erred in (1) admitting hearsay testimony under Fed.R.Evid. 801(d)(2)(E), (2) denying his motion for directed verdict because of insufficiency of the evidence, and (3) refusing to permit him to call a witness. For the reasons set forth below, we affirm the judgment of the district court.

Meeks was charged with three drug-related charges: possession of cocaine with the intent to distribute, knowingly and intentionally distributing cocaine, and conspiracy to distribute cocaine. The evidence presented at Meeks's trial consisted primarily of the testimony from co-conspirators and cocaine users familiar with Meeks's cocaine transactions. The principal evidence against Meeks came from the testimony of co-conspirator Randy Williams. Williams testified that he had purchased cocaine from Meeks for re-sale purposes. Williams also testified that he had bought cocaine from Meeks's co-defendant Shawn Becwar, who had told him that he (Becwar) worked with Meeks in the cocaine distribution business. Other witnesses also testified that they had purchased cocaine from Williams, had thought Meeks was Williams's source of cocaine, and had seen Meeks at Williams's house on several occasions. These witnesses also testified they had observed money and cocaine changing hands between Meeks and Williams several times. Moreover, they had noticed on several occasions that Williams would be out of cocaine before Meeks arrived but have cocaine after Meeks left. They also corroborated Williams's testimony that Becwar worked with Meeks. On August 28, 1987, Meeks was convicted of the three charges. On September 30, 1987, the district court sentenced Meeks to ten years imprisonment and imposed a $10,000 fine. This appeal followed.

Meeks first argues that the district court erred in admitting into evidence hearsay testimony under Fed.R.Evid. 801(d)(2)(E). Meeks specifically challenges the admission of the testimony of Gary Hayes and Jolene Stackis, Williams's girlfriend. Meeks also challenges the admissibility of certain other witnesses' testimony.[2] Hayes testified that Becwar told him that Meeks was going to have Williams killed. Meeks contends that this statement should not have been admitted as a statement by a co-conspirator because the statement really concerns a separate murder conspiracy, there was no evidence Becwar was a member of a conspiracy, and there was no evidence that the statement was made during the course and in furtherance of any conspiracy. Meeks further argues that Hayes's testimony should have been excluded under Fed.R. Evid. 403 because it was more prejudicial than probative. Stackis testified that Williams told her that he received his cocaine from Meeks. The other witnesses all testified that Williams had identified Meeks as their cocaine supplier. Meeks contends these statements were not admissible as co-conspirators' statements because the

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

2. Meeks also challenges the admissibility of the statement of Terry Lambe. This issue, however, was not preserved for review.

witnesses were not part of the conspiracy and their statements failed to further the objectives of the conspiracy.

The Supreme Court recently addressed the admissibility of the statements of co-conspirators. *Bourjaily v. United States,* — U.S. ——, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987) (*Bourjaily*). In analyzing the admissibility of co-conspirator statements, the Court first determined whether the statements fell within the definition of Fed. R.Evid. 801(d)(2)(E). *Id.* 107 S.Ct. at 2778. The Court held that there "must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'in the course and in furtherance of the conspiracy.'" *Id.* (citation omitted). Moreover, Fed.R.Evid. 801(d)(2)(E) provides "[a] statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." The Court also determined that Fed.R.Evid. 104(a) requires the district court to apply a preponderance of the evidence standard in assessing the admissibility of the evidence.

We must decide whether the district court properly found by a preponderance of the evidence that a conspiracy existed. In making its determination as to the admissibility of co-conspirator statements, the district court may consider any relevant evidence, including the hearsay statements sought to be admitted. *Bourjaily,* 107 S.Ct. at 2780–82. This court will not reverse the district court's determination unless it is clearly erroneous. *United States v. Eisenberg,* 807 F.2d 1446, 1453 (8th Cir. 1986); *see also United States v. DeLuna,* 763 F.2d 897, 908–09 (8th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed. 2d 336 (1985).

■ We conclude the district court properly admitted these statements under Fed. R.Evid. 801(d)(2)(E). The evidence in the record clearly established that a conspiracy existed. We reject Meeks's contention about Hayes's testimony because the record fails to support his characterization of Hayes's testimony. The record reflects Hayes testified that Becwar had told him that "someone from Chicago" was going to kill Williams because of money owed to both Becwar and Meeks. It does not reveal that "Meeks was going to have Williams killed." Moreover, the evidence shows that a conspiracy to distribute cocaine existed and that Becwar and Meeks were members of this conspiracy. The statements were made in the course and in furtherance of this drug conspiracy because they were intended to further the collection of money for the purchase of drugs. All statements demonstrate the sale and distribution of cocaine.

■ We further reject Meeks's related contention that Hayes's testimony was more prejudicial than probative. This issue was not preserved for review because no objection under Fed.R.Evid. 403 was made to the district court. Meeks also failed to object to the admission of Stackis's testimony as to the evidence about a statement made by Terry Lambe. Issues not properly preserved at the district court level and presented for the first time on appeal ordinarily will not be considered by this court as a basis for reversal unless there would be a plain error resulting in a miscarriage of justice. Fed.R.Crim.P. 52; *see, e.g., Edwards v. Hurtel,* 724 F.2d 689, 690 (8th Cir.1984) (per curiam). Even if any of the above evidence should not have been admitted pursuant to Fed.R.Evid. 801, such error, when considered in light of the record as a whole, was harmless beyond a reasonable doubt. *United States v. Hastings,* 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983).

■ Meeks's objections to the testimony of other witnesses also lack merit. Statements identifying other co-conspirators or identifying a co-conspirator's source for cocaine have been deemed to be statements made "in furtherance" of the conspiracy. *See, e.g., United States v. Lewis,* 759 F.2d 1316, 1348 (8th Cir.), *cert. denied,* 474 U.S. 994, 106 S.Ct. 407, 88 L.Ed.2d 357 (1985).

■ Meeks next argues that the evidence was insufficient to support his conviction for distribution of cocaine as alleged

in Count II. Meeks argues that the government failed to establish that the substance distributed was in fact cocaine. "[A]n appellate court is required to view the evidence in the light most favorable to the government and to accept as established all reasonable inferences to support the conviction." *United States v. Rich*, 518 F.2d 980, 984 (8th Cir.1975), *cert. denied*, 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed. 2d 1200 (1976). This court may only reverse if a reasonable jury could not have found guilt beyond a reasonable doubt. *Smalley v. United States*, 798 F.2d 1182, 1188 (8th Cir.1986). Here, the evidence supports the jury's finding that the substance was cocaine. The sales transactions occurred in private, and the individuals involved in the transactions repeatedly referred to the substance in issue as cocaine. Moreover, the record is replete with references to "coke" or "cocaine" and to the fact that each of the witnesses personally used the substances which he or she believed to be cocaine. The record also shows that Williams tested the cocaine, free-based it, and thought the quality poor. Proof of the existence of a controlled substance need not be by direct evidence. *United States v. Eakes*, 783 F.2d 499, 504–06 (5th Cir.1986). The identity of a substance may be established by indirect circumstantial evidence beyond a reasonable doubt. *Id.* at 504–06. When the evidence is viewed in the light most favorable to the government, we cannot say that the district court erred in denying Meeks's motion for a directed verdict.

■ Meeks finally asserts that the district court erred in refusing to allow him to call his pre-trial release investigator as a defense witness. Meeks asserts that the pre-trial release investigator would have testified that he (Meeks) had complied with all pre-trial restrictions and that his urinalysis showed the absence of drug use. Meeks asserts this testimony was relevant and admissible under Fed.R.Evid. 404(a)(1) and that it was prejudicial error to not permit such testimony. We disagree. It is well established that the district court has broad discretion in determining the relevancy and admissibility of evidence. *Rothgeb*

*v. United States*, 789 F.2d 647, 650 (8th Cir.1986). Absent an abuse of discretion, this court will not overturn a district court's determination. *Id.* Moreover, pursuant to 18 U.S.C. § 3153(c)(2), pre-trial release investigators' reports are confidential. We thus hold that the district court did not abuse its discretion in refusing to admit the testimony of the pre-trial release investigator.

Accordingly, the judgment of the district court is affirmed.