STATE of Missouri, Respondent,

v.

Michael KRUTZ, Appellant.

No. WD 44278.

Missouri Court of Appeals,
Western District.

Dec. 31, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Willard R. Bunch, Milton D. Skeens, John Edward Cash, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

KENNEDY, Presiding Judge.

Defendant appeals judgment of conviction for the possession of cocaine, a Schedule II controlled substance under section 195.202 RSMo Supp.1990. As his contentions are without merit, we affirm.

The evidence, taken in the light most favorable to the jury's verdict, indicated that on the morning of December 1, 1989 at approximately 3:00 a.m., defendant and Patrick Hickey drove to the home of Jason and Julia Chambers to purchase cocaine from Mr. Chambers. Chambers testified that they purchased from him two grams of cocaine. They paid him $200 in cash. He further testified that both defendant and Patrick Hickey "snorted" some of the cocaine before leaving his house.

Hickey testified that after leaving Chambers' home the pair dropped off two friends at home—neither of whom had been involved in the drug purchase—and proceeded to the home of defendant's grandparents. At the grandparents' home, Hickey testified, they "went in and ... sat around and drank a couple of beers and done another line."

As his first point defendant argues the trial court erred in overruling his motion for judgment of acquittal at the close of the evidence. He contends that the jury heard insufficient evidence from which they could have found him guilty, beyond a reasonable doubt, of possession of cocaine. The state's evidence consisting of the testimony of two cocaine "user-experts", says defendant, was insufficient to prove possession of a controlled substance. In short, he argues that the state's failure to recover the cocaine and perform chemical analysis of the substance is tantamount to the state's having failed to make a submissible case. We disagree.

The law in this area is well-settled. It is clear that the government may prove, beyond a reasonable doubt, the nature of an illegal substance through the use of circumstantial evidence. *State v. Neal*, 624 S.W.2d 182 (Mo.App.1981); *United States v. Meeks*, 857 F.2d 1201 (8th Cir.1988).

Such circumstantial proof may include evidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence[.] *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir.1976) (citations omitted); *accord United States v. Meeks, supra.*

Chambers testified that the substance he sold was cocaine. He testified he sold it for a cash price of $200. Hickey testified that the substance he "snorted" produced the same effects he had experienced during his use of cocaine on many prior occasions. The substance was purchased from an individual known to sell cocaine. The purchase was made at a private home at close to 3:00 in the morning. Testimony indicated that all three men had referred to the substance as cocaine; testimony revealed that they believed the substance to be, in fact, cocaine. The jury heard substantial evidence from which they could find defendant guilty, beyond a reasonable doubt, of possession of cocaine. Defendant's first point is denied.

In his second point, defendant argues that the trial court erred in refusing to declare a mistrial and discharge the jury panel when the prosecutor, during *voir dire*, made reference to a newspaper article written by an individual who had been hired as a free-lance investigator by defense counsel. The article, allegedly criticizing the handling of drug offenses by the Atchison County prosecutor, was admittedly written by J.J. Maloney. At the time of trial, defense counsel admitted that Maloney was employed as an investigator on defendant's case. During *voir dire*, the prosecutor stated: "Now obviously it was written by an employee of the defense to you." Defendant argues that this remark by the prosecutor impermissibly linked his counsel with the article in question planting the seed of impropriety, on the part of defense counsel, in the panel's mind.

In Missouri, in cases of misconduct or improper argument by counsel, the drastic remedy of declaring a mistrial rest solely within the sound discretion of the trial court. *Flanigan v. City of Springfield*, 360 S.W.2d 700, 706 (Mo.1962). Mistrial should be granted only where the prejudicial effect cannot be counteracted by any other means. *Gathright v. Pendegraft*, 433 S.W.2d 299 (Mo.1968); *Hawkins v. Compo*, 781 S.W.2d 128 (Mo.App.1989). In the instant case, the record is barren of a request by defense counsel for any corrective action short of asking the trial court to declare a mistrial. We cannot say, as a matter of law, that the trial court abused its discretion in failing to declare a mistrial.

Defendant argues as his final point on appeal that the trial court erred in overruling, without an evidentiary hearing, his motion to dismiss his indictment on the basis that an unauthorized person was present during the grand jury proceedings. Defendant challenges the grand jury indictment on the ground that one Darlene Andrews, identified only as an "unauthorized person" was present during grand jury proceedings. Defendant filed a motion to dismiss the indictment alleging such fact. He did not request an evidentiary hearing, and none was held. Of course the motion does not prove itself. *State v. McIntosh*, 333 S.W.2d 51, 54 (Mo.1960); *State v. Pennick*, 364 S.W.2d 556, 558 (Mo.1963); *Collins v. State*, 792 S.W.2d 887, 889 (Mo.App.1990). Defendant for proof of the allegation of the motion depends upon a statement made by the prosecuting attorney in connection with defendant's post-trial "motion for a new trial or in the alternative for judgment of acquittal." The prosecutor's statement was: "Particularly for the record there was no unauthorized person present during the time their opinions were expressed and the vote was taken pursuant to the statute." The prosecutor probably had in mind section 540.140, RSMo Supp.1990, which authorizes the prosecuting or circuit attorney to appear before the grand jury at his or her own request provided that "[n]o prosecuting or circuit attorney or any other officer or person, except the grand jurors, shall be permitted to be present during the expression of their opinions or the giving their votes on any matter before them." We do not take the prosecutor's statement to be an admission of the factual allegation in defendant's motion to dismiss the indictment. This point of error is rejected.

Judgment affirmed.