

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00333-CV

———————————————————

IN THE ESTATE OF JOHN DAVID HARRIS, DECEASED

---

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2011-PR00903-1-2

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant David Glen Harris appeals a probate court order that awarded attorney's fees to and terminated the representation of the attorney ad litem for Decedent John David Harris's unknown heirs. This is the latest of many appeals, attempted appeals, and petitions for writs of mandamus stemming from the underlying proceeding to declare heirship in the near decade since its inception. *See Estate of Harris*, No. 02-20-00010-CV, 2020 WL 827603, at *1 (Tex. App.—Fort Worth Feb. 20, 2020, pet. denied) (per curiam) (mem. op.) (dismissing for want of jurisdiction attempted appeal in which Harris challenged probate court's denial of motion to recuse); *Estate of Harris*, No. 02-19-00214-CV, 2019 WL 3756221, at *1 (Tex. App.—Fort Worth Aug. 8, 2019, pet. denied) (per curiam) (mem. op.) (dismissing for want of jurisdiction attempted appeal in which Harris alleged order on second motion in limine was void due to one party's alleged lack of standing); *Estate of Harris*, No. 02-18-00414-CV, 2019 WL 983772, at *1 (Tex. App.—Fort Worth Feb. 28, 2019, pet. denied) (per curiam) (mem. op.) (dismissing for want of jurisdiction attempted appeal in which Harris challenged order reinstating attorney ad litem due to probate court's alleged lack of plenary power); *In re Harris*, No. 02-18-00354-CV, 2019 WL 254548, at *1 (Tex. App.—Fort Worth Jan. 17, 2019, orig. proceeding [mand. denied]) (per curiam) (mem. op.) (denying petition for writ of mandamus and motion to compel clerk and court reporter to prepare appellate records); *Estate of Harris*, No. 02-18-00093-CV, 2018 WL 6215702, at *6 (Tex. App.—

Fort Worth Nov. 29, 2018, pet. denied) (mem. op.) (affirming probate court's award of attorney's fees to attorney ad litem); *In re Harris*, No. 02-18-00284-CV, 2018 WL 4398152, at *1 (Tex. App.—Fort Worth Sept. 17, 2018, orig. proceeding) (per curiam) (mem. op.) (denying petition for writ of mandamus); *Estate of Harris*, No. 02-17-00265-CV, 2017 WL 4172585, at *1 (Tex. App.—Fort Worth Sept. 21, 2017, pet. denied) (per curiam) (mem. op.) (dismissing for want of jurisdiction attempted appeal in which Harris challenged order appointing temporary dependent administrator); *Estate of Harris*, No. 02-17-00108-CV, 2017 WL 2590574, at *2 (Tex. App.—Fort Worth June 15, 2017, pet. denied) (per curiam) (mem. op.) (dismissing for want of jurisdiction attempted appeal in which Harris challenged two orders—one overruling his objections to the appointment of attorney ad litem and the other granting the ad litem's request to be paid hourly); *Estate of Harris*, No. 02-16-00398-CV, 2016 WL 7157350, at *1 (Tex. App.—Fort Worth Dec. 8, 2016, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction attempted appeal in which Harris challenged probate court's "Order on Motion for Substitute Service"); *In re Harris*, No. 02-15-00395-CV, 2016 WL 92957, at *1 (Tex. App.—Fort Worth Jan. 6, 2016, orig. proceeding [mand. denied]) (per curiam) (mem. op.) (denying petition for writ of mandamus); *In re Harris*, No. 02-15-00104-CV, 2015 WL 1544061, at *1 (Tex. App.—Fort Worth Mar. 26, 2015, orig. proceeding [mand. denied]) (per curiam) (mem. op.) (denying petition for writ of mandamus); *Estate of Harris*, No. 02-13-00294-CV, 2013 WL 5517871, at *1 (Tex. App.—Fort Worth Oct. 3, 2013, pet. denied) (per curiam)

(mem. op.) (dismissing for want of jurisdiction attempted appeal in which Harris challenged order denying motions for appointment of counsel); *see also Harris v. Harper*, No. 02-13-00258-CV, 2014 WL 1510145, at *3 (Tex. App.—Fort Worth Apr. 17, 2014, pet. denied) (mem. op.) (affirming trial court's denial of temporary injunction in related case); *In re Guardianship of Harris*, No. 02-11-00219-CV, 2011 WL 3672026, at *1 (Tex. App.—Fort Worth Aug. 18, 2011, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction attempted appeal in related case in which Harris challenged order appointing temporary guardian ad litem for Decedent). Harris, appealing pro se, raises three issues which we construe as two: (1) whether the probate court had plenary power to reappoint the attorney ad litem more than thirty days after a prior appealable order terminating her representation; and (2) whether the probate court abused its discretion by awarding attorney's fees to the attorney ad litem. Because we conclude that Harris's challenges are based on faulty premises, we affirm the probate court's order.

## I. BACKGROUND

Given the long history of this case, we recite only the facts relevant to the current appeal.

Decedent died intestate on January 6, 2011. Soon thereafter, one of Decedent's biological sons, Harris, initiated a proceeding to declare heirship. *See* Tex. Prob. Code

4

Ann. § 48(a);[1] *see also* Tex. Est. Code Ann. § 202.001. Harris alleged that Decedent had two biological children—Harris and his brother Lee—but he claimed that the unrelated daughter of a woman with whom Decedent had a romantic-but-non-marital relationship was wrongfully asserting an interest in Decedent's real property. Harris did not identify any unknown heirs in his application to declare heirship.

In 2016, the probate court appointed Monika Cooper as an attorney ad litem "[p]ursuant to the provisions of Section 53.104 [and] 202.009 of the Texas Estates Code" to represent Decedent's "unknown heirs, missing heirs, unborn or unascertained heirs, heirs with legal disability, minor heirs[,] and/or incapacitated heirs." *See* Tex. Est. Code Ann. §§ 53.104, 202.009; *see also* Tex. Prob. Code Ann. § 53(c). Cooper filed an answer on behalf of Decedent's unknown heirs, and she later filed a report indicating that Decedent may have had a third son born out of wedlock

---

[1] We rely on the Probate Code provisions in effect at the time of Decedent's death unless later enacted legislation is expressly made applicable to the proceeding. *See* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 12, 2009 Tex. Gen. Laws 1512, 1732 (eff. Jan. 1, 2014) (repealing and recodifying Probate Code as Estates Code, effective January 1, 2014); *see also, e.g.*, Act of May 21, 2013, 83rd Leg., R.S., ch. 1136, § 62, 2013 Tex. Gen. Laws 2737, 2754 (eff. Jan. 1, 2014) (applying specified substantive amendments to Estates Code to proceedings pending or initiated on or after January 1, 2014). All citations to the Probate Code refer to the version of the Code in effect on January 6, 2011. However, where the Estates Code provisions are substantively similar to the predecessor Probate Code provisions, and absent a savings clause making the Probate Code the only applicable provision, we include a parallel citation to the Estates Code for reference. *See* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 11, 2009 Tex. Gen. Laws 1512, 1732 (eff. Jan. 1, 2014) (providing recodification was intended to be nonsubstantive). See Section II.C.1 of this memorandum opinion for a detailed discussion of the law governing the underlying heirship proceeding.

who was a potential heir to the estate. The possible third son received notice of the heirship proceeding, but he never entered an appearance.

After working on the case for more than a year, Cooper requested to be awarded her attorney's fees. The probate court held a hearing on Cooper's motion on March 1, 2018. At the hearing, Cooper acknowledged in her arguments to the court that Harris and his brother appeared to be Decedent's only known heirs, as Decedent's possible third son had not entered an appearance. The probate court ultimately granted Cooper's request for fees, ordered that the fees be "paid out of the Court Registry," and terminated Cooper's representation as attorney ad litem.

Harris appealed to this court and challenged the original appointment of Cooper as attorney ad litem, the scope of Cooper's duties, and the award of ad litem fees, among other issues.[2] *Estate of Harris*, 2018 WL 6215702, at *2–5. Cooper, in turn, filed a motion with the probate court to be reappointed as attorney ad litem to defend her appointment and to represent the interests of the unknown heirs on appeal. The probate court granted Cooper's motion in part and entered an order "reinstat[ing]"

---

[2]Harris raised five arguments in that appeal: (1) "the probate court's order appointing Cooper attorney ad litem [wa]s void"; (2) "the probate court's award of attorney's fees to Cooper compensated her for work outside the scope of her duties"; (3) "the probate court abused its discretion in finding Cooper suitable to be temporary administrator over his father's estate"; (4) "the probate court abused its discretion in approving the award of attorney ad litem fees because insufficient evidence support[ed] the award"; and (5) "the probate court abused its discretion in awarding attorney's fees to Cooper . . . because Cooper's applications for the fees were not based on personal knowledge." *Estate of Harris*, 2018 WL 6215702, at *2–5.

Cooper as "Attorney Ad Litem for the Unknown Heirs in this cause,[3] but only for the limited purpose of representing her client(s) in Appeal No. 02-18-00093-CV." Harris immediately attempted to file a separate appeal of the probate court order reappointing Cooper—arguing that the probate court lacked plenary power for the reappointment—but we dismissed the appeal for want of jurisdiction. *Estate of Harris*, 2019 WL 983772, at *1.

After this court affirmed the order appointing Cooper and authorizing payment of her ad litem fees, Cooper requested that the probate court issue a new order awarding her fees for the services rendered "[i]n representing the unknown heirs in the appeal to the Second Court of Appeals Fort Worth, in Cause No. 02-18-00093[-CV]." Harris objected to the request for fees[4] and argued (1) the probate court lacked plenary power to reappoint Cooper, (2) the probate court could not award attorney's fees for Cooper's representation of unknown heirs because Cooper allegedly admitted

---

[3]Some of Cooper's post-reappointment filings refer to her "re-appoint[ment] as the Attorney Ad Litem to represent the interest of the unknown heirs, missing heirs, unborn or unascertained heirs, heirs with legal disability, minor heirs[,] and/or incapacitated heirs concerning David Harris appeal [sic] . . . in Cause No. 02-18-00093[-CV]." But in other post-reappointment filings, Cooper refers to her reappointment as attorney ad litem for only the unknown heirs. Regardless, the probate court's order reappointing Cooper referenced only the unknown heirs; it did not mention missing heirs, unborn or unascertained heirs, heirs with legal disability, minor heirs, or incapacitated heirs.

[4]Harris also moved to strike the request for fees, claiming that he did not receive a complete copy of the document. The probate court ultimately determined that Harris's motion to strike was moot but overruled it for clarity. Harris has not appealed this portion of the probate court's order.

that no unknown heirs existed, and (3) the probate court could not award attorney's fees because Cooper's request cited the Estates Code as the statutory authorization for her fees when the case was governed by the Probate Code. Although the probate court held a hearing on the matter, Harris—attending via telephone[5]—hung up after his first two objections were not handled to his satisfaction.

The probate court overruled Harris's objections and awarded Cooper her attorney's fees to be paid from the court registry. The probate court's order did not cite a specific statute as the basis for its award.

Harris filed the current appeal to challenge the probate court's order overruling his objections and awarding Cooper attorney's fees for the services that she performed in defense of Harris's prior appeal.

## II. DISCUSSION

Harris raises two issues on appeal:[6] (1) whether the probate court had plenary power to reappoint Cooper as attorney ad litem more than thirty days after the court's prior appealable order terminating her representation; and (2) whether the probate court abused its discretion by awarding Cooper attorney's fees. Because the probate proceeding is still pending, and because the probate court has yet to enter a final

---

[5]Harris was incarcerated and regularly attended hearings via telephone.

[6]Harris frames the issues before this court as threefold, raising the same three challenges that he asserted in his objections before the probate court. Because two of Harris's three issues allege that the probate court abused its discretion by awarding Cooper attorney's fees, we construe Harris's three issues as two.

judgment declaring Decedent's heirs, we first verify our jurisdiction to consider this appeal. *See Freedom Comm'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) ("[W]e must consider our jurisdiction, even if that consideration is sua sponte."); *L Series, L.L.C. v. Holt*, 571 S.W.3d 864, 869 (Tex. App.—Fort Worth 2019, pet. denied) (citing *Freedom Comm'ns*); *In re Guardianship of Macer*, 558 S.W.3d 222, 226 n.2 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

## A. Jurisdiction

Generally, an appeal may be taken only from a final judgment disposing of all parties and all claims. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Estate of Harris*, 2020 WL 827603, at *1; *Estate of Harris*, 2019 WL 983772, at *1; *Estate of Harris*, 2017 WL 2590574, at *2. But probate proceedings are an exception to this rule and can involve multiple orders, which are "final enough to qualify for appeal." *De Ayala*, 193 S.W.3d at 578. A party may appeal from a probate court order if it "dispose[s] of all parties or issues in a particular phase of the proceedings" or if "there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable." *Id.* at 578–79 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)); *Estate of Harris*, 2017 WL 2590574, at *2 (quoting *De Ayala*). But "if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise

issues or parties not disposed of, then the probate order is interlocutory." *De Ayala*, 193 S.W.3d at 578 (quoting *Crowson*, 897 S.W.2d at 783).

There is not an express statute declaring a probate order authorizing payment of an attorney ad litem's fees or terminating the ad litem's representation to be final and appealable. But such an order concludes a discrete phase of the probate proceeding and has been held to be appealable under *De Ayala. See Trevino v. Reese*, No. 01-10-00717-CV, 2011 WL 2436523, at *3 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.) (holding that order releasing attorney ad litem and requiring appellant to pay ad litem fees "concluded a discrete phase of the proceedings" and was appealable); *In re Guardianship of Humphrey*, No. 12-06-00222-CV, 2008 WL 2445503, at *3 (Tex. App.—Tyler June 18, 2008, pet. denied) (mem. op.) (holding that order authorizing payment of attorney ad litem fees for work performed during specified time period in guardianship proceeding was final and appealable); *Roach v. Rowley*, 135 S.W.3d 845, 848 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that order authorizing payment of temporary administrator's legal fees was final and appealable in probate proceeding); *Wittner v. Scanlan*, 959 S.W.2d 640, 642 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("[W]e hold that the order awarding attorney's fees to [the administrator of the deceased's estate] is final for the purposes of appeal."); *see also Estate of Harris*, 2018 WL 6215702, at *1–6 (reviewing probate court's initial order awarding Cooper attorney's fees and terminating her representation as attorney ad litem); *Estate of Harris*, 2017 WL 4172585, at *1

(distinguishing order at issue from an order requiring payment of attorney ad litem's fees and implying that the latter would be considered a final probate order for purposes of appeal, citing *Trevino* and *Humphrey*). We thus have jurisdiction to consider this appeal.

## B. Plenary Power

In his first issue, Harris challenges the probate court's authority to reappoint Cooper as the attorney ad litem for unknown heirs. Harris claims that because the probate court's March 1, 2018 order terminating Cooper's representation was appealable, the probate court lost plenary power to revise or modify its order thirty days after it was issued. *See* Tex. R. Civ. P. 329b(d), (f); *Estate of Harris*, 2018 WL 6215702, at \*1–6 (considering probate court's initial order awarding Cooper attorney's fees and terminating her representation as attorney ad litem).

Harris raised a nearly identical argument regarding the probate court's plenary power in one of his prior attempted appeals challenging Cooper's reappointment:[7]

---

[7]In Cause No. 02-18-00414-CV, Harris attempted to appeal from the probate court's order denying his motion to vacate the reappointment of Cooper as attorney ad litem. *Estate of Harris*, 2019 WL 983772, at \*1. Harris claimed—as he does here— that the probate court lacked plenary power to reappoint Cooper. *Id.* He reasoned that the reappointment was thus void and could be challenged at any time. *Id.* We dismissed the appeal for want of jurisdiction and explained that, "[a]lthough [S]ection 202.202 of the [E]states [C]ode provides that the judgment in a proceeding to declare heirship is final, there has been no such judgment here, so the trial court's order is interlocutory. For that reason, the trial court's plenary power has not yet run." *Id.* (citations omitted).

11

*Estate of Harris*, 2019 WL 983772, at *1. But we dismissed that appeal for want of jurisdiction. *Id.*

Harris's reiteration of his plenary-power challenge demonstrates the lingering confusion surrounding the finality of appealable orders in the probate context. *See De Ayala*, 193 S.W.3d at 578 (acknowledging that "determining whether an otherwise interlocutory probate order is final enough to qualify for appeal[] has proved difficult"). Specifically, Harris continues to rely on the understandable assumption that all appealable probate orders necessarily trigger the thirty-day expiration of plenary power under Rule 329b.[8] Tex. R. Civ. P. 329b(d), (f). This is not so.

While probate proceedings are an exception to the one-final-judgment rule and may give rise to multiple appealable orders, such orders do not necessarily deprive the probate court of plenary power. *Estate of Harris*, 2019 WL 983772, at *1; *Macer*, 558 S.W.3d at 230–31. Although an interlocutory order issued in a probate proceeding may be sufficiently final to permit appellate review under *De Ayala*, the interlocutory order remains just that—interlocutory. *Macer*, 558 S.W.3d at 230–31; *see also Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 391–97 & n.14 (Tex. 2020) (holding that interlocutory appeals authorized by statute are permissive, discussing policy rationale supporting a party's ability to challenge such orders after final judgment, and citing *Moring* with approval); *Moring v. Inspectorate Am. Corp.*, 529

---

[8]Harris does not cite Texas Rule of Civil Procedure 329b, but he references its substance in his arguments.

S.W.3d 145, 150 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (holding that appealability of interlocutory order granting special appearance did not deprive trial court of plenary power to reconsider its order). The probate court retains authority over the probate proceeding—including the authority to modify its prior orders— despite the appealability of certain interlocutory orders that conclude discrete phases of the proceeding. *Macer*, 558 S.W.3d at 230–31 (holding probate court had plenary power to modify a reimbursement order ten months after its issuance even though the order was appealable under *De Ayala*, and clarifying that "the fact that the [initial reimbursement] order—which [wa]s otherwise an interlocutory order—[wa]s considered final for purposes of appeal d[id] not deprive the probate court of plenary power over the entire proceeding, including the court's prior rulings").

Harris's challenge is thus misguided. Despite the appealability of the probate court's March 2018 order awarding Cooper attorney's fees and terminating her representation as attorney ad litem, the probate court did not lose plenary power to reinstate or to reappoint Cooper in her former role. We overrule Harris's first issue.

## C. Abuse of Discretion

Harris next argues that the probate court abused its discretion by awarding Cooper attorney's fees for her services on behalf of Decedent's unknown heirs because (1) she allegedly judicially admitted that no unknown heirs existed, and (2) Cooper's request for attorney's fees cited the Estates Code rather than the Probate

13

Code and thus Cooper failed to identify relevant statutory authorization for her fee award.

**1. Standard of Review and Applicable Law**

A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *Estate of Harris*, 2018 WL 6215702, at *2.

The guiding rules and laws in probate cases are not always straightforward. Generally, the administration of an estate is governed by the law in effect at the time of the decedent's death. *Dickson v. Simpson*, 807 S.W.2d 726, 727 (Tex. 1991); *Rennie v. Young*, No. 05-14-01109-CV, 2015 WL 4600214, at *2 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op.). But this is not always the case. As relevant here, the Probate Code was in effect when Decedent died on January 6, 2011, but was recodified as the Texas Estates Code effective January 1, 2014. *See* Act of May 26, 2009, 81st Leg., R.S., ch. 680, 2009 Tex. Gen. Laws 1512 (eff. Jan. 1, 2014). The recodification was intended to be nonsubstantive. *See* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 11, 2009 Tex. Gen. Laws 1512, 1732 (eff. Jan. 1, 2014) ("LEGISLATIVE INTENT. . . . This Act is intended as a recodification only, and no substantive change in law is intended by this Act."). But prior to Cooper's appointment—indeed, simultaneous with the recodification taking effect—portions of the new Estates Code were amended to include substantive changes. *See, e.g.*, Act of

May 21, 2013, 83rd Leg., R.S., ch. 1136, §§ 1–60, 2013 Tex. Gen. Laws 2737, 2737–54 (eff. Jan. 1, 2014). The applicability of these substantive changes to then-pending probate proceedings differed; some changes applied based on the date of the decedent's death, others applied to proceedings initiated on or after the effective date of the Estates Code, and still others applied to all probate proceedings pending on or after the effective date of the Estates Code. *See* Act of May 21, 2013, 83rd Leg., R.S., ch. 1136, § 62, 2013 Tex. Gen. Laws 2737, 2754 (eff. Jan. 1, 2014). Because Decedent died and Harris filed his application to declare heirship before the Estates Code took effect, and because the proceeding remained pending on the effective date of the Estates Code, this proceeding is governed by a mix of Probate Code and Estates Code provisions.

The primary provisions relevant to this appeal are Probate Code Sections 34A and 53(c), recodified as Estates Code Sections 53.104 and 202.009(a), respectively. *See* Act of May 21, 2013, 83rd Leg., R.S., ch. 1136, §§ 5, 15, 2013 Tex. Gen. Laws 2737, 2738–39, 2741 (eff. Jan. 1, 2014); Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 1, 2009 Tex. Gen. Laws 1512, 1530, 1582 (eff. Jan. 1, 2014). These statutes were among those substantively changed when the recodified Estates Code took effect on January 1, 2014. *See* Act of May 21, 2013, 83rd Leg., R.S., ch. 1136, §§ 5, 15, 62, 2013 Tex. Gen. Laws 2737–38, 2741, 2754 (eff. Jan. 1, 2014). The legislation enacting such changes expressly provided that Estates Code Section 53.104—formerly Probate Code Section 34A—applied to probate proceedings pending or initiated on or after

January 1, 2014, while Estates Code Section 202.009—formerly Probate Code Section 53(b) and (c)—applied only to the estates of decedents who died on or after January 1, 2014. *See* Act of May 21, 2013, 83rd Leg., R.S., ch. 1136, §§ 5, 15, 62(c), 62(f), 2013 Tex. Gen. Laws 2737–38, 2741, 2754 (eff. Jan. 1, 2014) (amending Estates Code Sections 53.104 and 202.009 prior to effective date of recodification and addressing application of statutory changes). Cooper's reappointment as attorney ad litem in 2018 was thus governed by Section 53 of the Probate Code and Section 53.104 of the Estates Code.

Section 53(c) of the Probate Code—situated within the chapter entitled "Determination of Heirship"—required the probate court to appoint an attorney ad litem: "The court shall appoint an attorney ad litem to represent the interests of unknown heirs." Tex. Prob. Code Ann. § 53(c). Section 53.104 of the Estates Code provided additional permissive authorization for the ad litem's appointment and entitled her to compensation:

> (a) Except as provided by Section 202.009(b) [authorizing the expansion of an attorney ad litem's representation to include incapacitated persons upon a finding of necessity], the judge of a probate court may appoint an attorney ad litem in any probate proceeding to represent the interests of any person, including:
>
> > (1) a person who has a legal disability under state or federal law;
> > (2) a nonresident;
> > (3) an unborn or unascertained person;
> > (4) an unknown heir;
> > (5) a missing heir; or
> > (6) an unknown or missing person for whom cash is deposited into the court's registry under Section 362.011.

16

(b) An attorney ad litem appointed under this section is entitled to reasonable compensation for services provided in the amount set by the court. The court shall:

> (1) tax the compensation as costs in the probate proceeding and order the compensation to be paid out of the estate or by any party at any time during the proceeding; or
> (2) for an attorney ad litem appointed under Subsection (a)(6), order that the compensation be paid from the cash on deposit in the court's registry as provided by Section 362.011.

Tex. Est. Code Ann. § 53.104. With this statutory framework in mind, we turn to Harris's specific challenges to the probate court's fee award.

### 2. Nonexistence of Unknown Heirs

Harris argues that the probate court abused its discretion by awarding Cooper attorney's fees and expenses for her services on behalf of Decedent's unknown heirs even though she allegedly judicially admitted that no unknown heirs existed. We rejected a similar argument in one of Harris's prior appeals. *See Estate of Harris*, 2018 WL 6215702, at *2–4 (rejecting argument that probate court lacked jurisdiction to appoint attorney ad litem because Harris did not name or identify any unknown heirs, and rejecting argument that fees were not reasonable or necessary due to ad litem's failure to locate any unknown heirs); Appellant's Brief at 11, *Estate of Harris*, No. 02-18-00093-CV, 2018 WL 6215702 (Tex. App.—Fort Worth Nov. 29, 2018, pet. denied) (mem. op.), *available at* http://www.search.txcourts.gov/Case.aspx?cn=02-18-00093-CV&coa=coa02 (quoting Cooper's alleged admission that Harris and his brother are the only heirs in support of argument that probate court lacked authority

17

to appoint attorney ad litem for unknown heirs). As there, Harris's argument is based on a faulty premise.

Even assuming arguendo that the judicial admission occurred,[9] Harris's challenge is predicated on the assumption that Cooper cannot recover for her representation of unknown heirs if no heirs of this type are later found to exist. This is not the case. As we recognized in Harris's prior appeal, a probate court is statutorily required to appoint—"*shall* appoint"—an attorney ad litem to represent unknown heirs in a proceeding to declare heirship, and the ad litem is entitled to reasonable compensation for services rendered—regardless of whether unknown heirs are initially believed or later found to exist. *See* Tex. Est. Code Ann. § 53.104; Tex. Prob. Code Ann. § 53(c) (emphasis added); *Estate of Harris*, 2018 WL 6215702, at *2 (quoting Texas Estates Code Section 202.009(a)—formerly Probate Code Section 53(c)—for the rule that "the court '*shall* appoint an attorney ad litem . . . to represent the interests of heirs whose names or locations are unknown'"). Indeed, premising an ad litem's representation or compensation on the successful discovery of previously unknown heirs would amount to "contingent representation [that] would surely frustrate the effective representation of unknown clients." *Cahill v. Lyda*, 826 S.W.2d

---

[9]Harris asks us to take judicial notice of the reporter's record of the hearing at which the alleged judicial admission was made. He claims the record was filed in one of his prior proceedings before this court. However, Harris does not identify which of the numerous related proceedings contains the relevant filing. Regardless, we need not take judicial notice of the reporter's record because Harris's reliance on the alleged judicial admission is irrelevant.

18

932, 933 (Tex. 1992) (holding that attorney ad litem's entitlement to fees was not contingent upon successful appeal and explaining rationale). We thus reject Harris's challenge to the probate court's fee award based on Cooper's alleged admission regarding the existence of unknown heirs.

### 3. Statutory Authority

Harris also argues that the probate court abused its discretion by awarding Cooper attorney's fees pursuant to Section 202.009 of the Estates Code when, he claims, the case is governed by the Probate Code in effect when Decedent died.[10] Although the probate court's fee award does not actually cite the Estates Code—or any other statute—Harris argues that the probate court necessarily relied on Section 202.009 because this was the only statute Cooper expressly cited in her motion requesting fees. Harris does not challenge Cooper's entitlement to attorney's fees under other relevant statutes; rather, his argument reasons that (1) the Estates Code is entirely inapplicable in this case since it took effect after Decedent's death, (2) Cooper's motion requesting fees relied solely on Section 202.009 of the wholly inapplicable Estates Code, (3) Cooper was required to identify the statute authorizing her fee award by chapter and verse to be entitled to any fees, and (4) the probate court

---

[10]It is unclear whether Cooper disputes the applicability of the Probate Code. She appeared to concede the issue at the probate court hearing on her motion for fees, but she has continued to cite exclusively to the Estates Code on appeal and has not addressed Harris's distinction between the two codes.

could not rely on any statute for Cooper's fee award apart from the provision expressly cited in Cooper's motion. Each of these premises is flawed.

First, as explained above, this case is governed by provisions of both the Probate Code and the Estates Code; it is not exclusively governed by the law in effect in 2011. We overrule Harris's issue to the extent that he argues otherwise.

Second, although Cooper's request for fees cited Section 202.009 of the Estates Code in its introductory paragraph, it is unclear whether Cooper intended to cite the statute merely as the basis for her original appointment or as the statutory authority for her requested fees.[11]

Regardless—and more fundamentally—Cooper's citation to Section 202.009 did not undermine her request for relief because she was entitled to attorney's fees under a mandatory statute. Cooper did not forfeit this entitlement by failing to cite the statutory authority for her fee request by chapter and verse, nor was the probate court limited to the statutes cited in Cooper's motion.

Although "[a] party *should* identify the authority entitling [her] to attorney's fees in [her] pleadings," as long as she "pleads facts which, if true, entitle her to the relief

---

[11]At the hearing on Cooper's request for fees, she did not cite any statutes by number but referenced the substance of both Section 202.009 and Section 53.104 of the Estates Code, representing to the probate court that the parallel Probate Code provisions—namely, Probate Code Sections 34A and 53—were substantially similar. But Harris considers such references insufficient and claims that neither Cooper nor the probate court could rely on Estates Code Section 53.104, Probate Code Section 34A, or Probate Code Section 53 because Cooper failed to identify these statutes by number. Further muddying the waters, Cooper now relies solely on Texas Estates Code Section 53.104 as the statutory authority supporting her fee award on appeal.

sought, then she need not specifically plead the applicable statute in order to recover under it." *Town Ctr. Mall, L.P. v. Dyer*, No. 02-14-00268-CV, 2015 WL 5770583, at *7 (Tex. App.—Fort Worth Oct. 1, 2015, pet. denied) (mem. op.); *Russell v. Russell*, No. 14-10-00494-CV, 2012 WL 3574713, at *2 (Tex. App.—Houston [14th Dist.] Aug. 21, 2012, pet. denied) (mem. op.) (emphasis added); *Bellefonte Underwriters Ins. v. Brown*, 663 S.W.2d 562, 575 (Tex. App.—Houston [14th Dist.] 1983) ("Texas does not require a plaintiff to specifically plead case authority or statutes to receive that relief."), *aff'd in part, rev'd in part on other grounds*, 704 S.W.2d 742 (Tex. 1986). Even citing an incorrect or inapplicable statute does not preclude an award of attorney's fees if such fees are warranted.[12] *RDG P'ship v. Long*, 350 S.W.3d 262, 277 (Tex. App.—San Antonio 2011,

---

[12]To the extent the probate court relied on Cooper's citation to Estates Code Section 202.009(a)—rather than Probate Code Section 53(c)—as statutory authority for the fee award, we do not intend to imply that such reliance was erroneous. Much of the recodification of the Probate Code was nonsubstantive, and many probate proceedings—including this one—are governed by a mix of Probate Code and Estates Code statutes. *See* Act of May 26, 2009, 81st Leg., R.S. ch. 680, § 11, 2009 Tex. Gen. Laws 1512, 1732 (eff. Jan. 1, 2014). Consequently, practitioners and courts have often opted to cite to the current provisions of the Estates Code unless the relevant predecessor provisions in the Probate Code are substantively different in a manner relevant to the questions at issue in the case. *See, e.g.*, *Estate of Bedell*, No. 04-14-00564-CV, 2016 WL 416374, at *1 n.2 (Tex. App.—San Antonio Feb. 3, 2016, pet. denied) (mem. op.) ("Although . . . the will and the probate proceedings pre-date the codification of the Estates Code, the Estates Code sections at issue are not substantively different than the predecessor sections in the Probate Code. Therefore, we cite to the Estates Code."); *Estate of Rhoades*, No. 02-15-00081-CV, 2015 WL 3658065, at *1 n.2 (Tex. App.—Fort Worth June 11, 2015, no pet.) (mem. op.) ("Because the estates-code sections at issue are not substantively different from their predecessors in the probate code, we will cite to the estates code."); *Pitre v. Forward*, No. 09-12-00336-CV, 2014 WL 3696258, at *2 n.3 (Tex. App.—Beaumont July 24, 2014, no pet.) (mem. op.) ("Absent substantive changes between the two Codes, we

no pet.); *Mitchell v. LaFlamme*, 60 S.W.3d 123, 130 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (reiterating the rule that even "pleading an incorrect or inapplicable theory or statute . . . does not preclude an award" (quoting *Bellefonte*)); *Freling v. Eathorne*, No. 05-91-00118-CV, 1992 WL 111034, at *2 (Tex. App.—Dallas May 13, 1992, no writ) (not designated for publication); *Bellefonte Underwriters Ins.*, 663 S.W.2d at 575. This is particularly true when, as here, a mandatory statute requires the trial court to award fees. *See Sides v. Saliga*, No. 03-17-00732-CV, 2019 WL 2529551, at *15 (Tex. App.—Austin June 20, 2019, pet. denied) (mem. op.) (recognizing that "if a party is entitled to a mandatory award of attorney's fees, how the party asks for them is 'irrelevant'"); *In re A.M.*, 974 S.W.2d 857, 866 (Tex. App.—San Antonio 1998, no pet.) (holding that attorney ad litem was entitled to fees under mandatory statute—

---

cite to the Estates Code and rely on the Probate Code only when the savings provision of the Estate[s] Code, based on the decedent's date of death, makes a Probate Code section the controlling provision that governs the issues addressed in the Court's opinion."); *In re McDonald*, 424 S.W.3d 774, 777 n.2 (Tex. App.—Beaumont 2014, orig. proceeding [mand. denied]) (per curiam) (same); *see also In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 571 n.8 (Tex. 2015) (orig. proceeding) (opting to cite then-current provisions of Texas Estates Code in case stemming from 2009 car wreck because the recodification "do[es] not affect our analysis"). Even opinions from this court resolving Harris's prior appeals have cited to the Estates Code rather than to substantively similar predecessor provisions in the Probate Code. *See, e.g.*, *Estate of Harris*, 2018 WL 6215702, at *1–3 (citing Estates Code Section 202.009(a) which is substantively similar to Probate Code Section 53(c)). And at the hearing on Cooper's request for fees, Cooper confirmed that the relevant Probate Code provisions were "the same" as those in the Estates Code and that both "required [an attorney ad litem] to be appointed underneath an application for heirship" and provided that the "attorney ad litem [wa]s entitled to be compensated." Although Harris challenges the probate court's alleged reliance on Section 202.009 of the Estates Code, he does not argue that it differs from Probate Code Section 53 in any relevant, substantive manner.

Texas Family Code Section 107.015—even though the ad litem did not file a pleading requesting fees).

Under the law applicable to this proceeding—namely, Section 53(c) of the Probate Code and Section 53.104 of the Estates Code—a probate court "shall" appoint an attorney ad litem to represent the interests of unknown heirs, and such attorney ad litem is "entitled to reasonable compensation," which the court "shall" order to be paid.[13] Tex. Est. Code Ann. § 53.104(b); Tex. Prob. Code Ann. § 53(c). The Texas Supreme Court has interpreted a similar entitlement to fees in Rule 244 of the Texas Rules of Civil Procedure to authorize the compensation of an attorney ad litem representing unknown heirs for services provided to defend the unknown heirs' interests on appeal.[14] *Cahill*, 826 S.W.2d at 933 (relying on Rule 244 in case involving

---

[13]Decedent's unknown heirs were required to be served by publication. *See* Tex. Prob. Code Ann. § 50(b); *see also* Tex. Est. Code Ann. § 202.008 (listing unknown heirs as required parties to proceeding to declare heirship), § 202.052 ("To determine whether a decedent has any other heirs, citation must be served on unknown heirs by publication in the manner provided by this section."). Texas Rule of Civil Procedure 244 mandates the appointment and compensation of an attorney ad litem in cases "[w]here service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time." Tex. R. Civ. P. 244; *see also Cahill*, 826 S.W.2d at 933. However, the record provides no indication that Decedent's unknown heirs were served by publication in this proceeding. We thus decline to rely on Rule 244 as a basis for our opinion.

[14]The intermediate courts of appeals are split as to whether *Cahill* authorizes or requires a court's compensation of an attorney or guardian ad litem for services rendered defending on appeal a prior award of attorney's fees. *See, e.g., Columbia Rio Grande Healthcare, L.P. v. De Leon*, No. 13-09-00496-CV, 2011 WL 227669, at *5 (Tex. App.—Corpus Christi–Edinburg Jan. 20, 2011, no pet.) (mem. op.) ("[C]ourts have since held that a guardian ad litem cannot recover additional fees if a defendant

23

attorney ad litem appointed to represent unknown heirs and holding that the ad litem was entitled to fees for post-trial appellate work). The probate court's order was thus authorized—indeed, mandated—by the governing statutes, and the probate court did not abuse its discretion by awarding Cooper fees for her services as attorney ad litem.

We overrule Harris's final issue.

## III. CONCLUSION

Having disposed of both of Harris's issues, we affirm the probate court's order overruling Harris's objections and awarding Cooper attorney's fees for the services that she performed while representing Decedent's unknown heirs as attorney ad litem in Harris's prior appeal, Cause No. 02-18-00093-CV.

---

disputes the ad litem fee awarded."); *In re Guardianship of Glasser*, 297 S.W.3d 369, 378 (Tex. App.—San Antonio 2009, no pet.) ("[A]n attorney ad litem is not entitled to recover fees for representing his own interests, rather than those of his involuntary client, on appeal."); *Holt Tex., Ltd. v. Hale*, 144 S.W.3d 592, 597–98 (Tex. App.—San Antonio 2004, no pet.) (op. on reh'g) (noting that "[o]ur sister courts are split on whether a guardian ad litem can recover additional fees if a defendant disputes the ad litem fee awarded"); *Harris Cty. Children's Protective Servs. v. Olvera*, 77 S.W.3d 336, 342–43 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (emphasizing that prior remand was tailored to authorize only fees for ad litem's representation of clients' interests on appeal and holding that trial court's compensation of appellate counsel hired to defend attorney ad litem's original fee award fell outside scope of remand); *DeSai v. Islas*, 884 S.W.2d 204, 206 (Tex. App.—Eastland 1994, writ denied) (holding that trial court did not err by awarding guardian ad litem fees to defend original fee award on appeal). But Harris has not raised this issue or challenged the services for which Cooper's fees were awarded. Moreover, the appeal for which Cooper was awarded appellate fees involved multiple issues, including some unrelated to her fee award—such as the validity of Cooper's appointment to represent unknown heirs at all. *Estate of Harris*, 2018 WL 6215702, at *2–5. We thus decline to address whether an attorney ad litem is entitled to appellate fees solely for services rendered defending an award of attorney's fees on appeal.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: March 4, 2021